IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| THE STATE OF FLORIDA, ET AL., | § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No.  7:25-CV-00126-O |
| U.S. FOOD AND DRUG ADMINISTRATION, ET AL., | § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court are Danco Laboratories, LLC's ("Danco") and GenBioPro, Inc.'s ("GenBioPro") (collectively, "Movants") Motions to Intervene (ECF Nos. 21 & 30). No opposition was filed. Having considered the Motions, briefing, and relevant law, the Court **GRANTS** the Motions.

## I.      BACKGROUND

Plaintiffs bring this suit against the United States Food and Drug Administration ("FDA") and other defendants. Plaintiffs challenge several FDA actions related to the approval of the chemical abortion drugs mifepristone and misoprostol and ask the Court to hold them unlawful and set them aside under 5 U.S.C. § 706. ECF No. 1.

## II.     LEGLA STANDARD

### A. Intervention as of Right

Federal Rule of Civil Procedure 24(a) requires that a party be permitted to intervene in an action if it shows by "timely motion" that (a) "it has a protectable 'interest' in the action," (b) "the 'disposing of the action' could 'impair' its ability to protect that interest," and (c) "existing parties do not 'adequately represent' that interest." *Louisiana v. Burgum*, 132 F.4th 918, 922 (5th Cir.

2025) (quoting Fed. R. Civ. P. 24(a)(2)). "Failure to satisfy any one requirement precludes intervention of right." *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs of the Orleans Levee Dist.*, 493 F.3d 570, 578 (5th Cir. 2007). "Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed." *Wal-Mart Stores, Inc . v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016).

### B. Permissive Intervention

Rule 24(b)(l) provides: "On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Permissive intervention is committed to the court's discretion, but the court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3).

### III.   ANALYSIS

No opposition has been filed in response to the Motions to Intervene. Because of this non-opposition the Court need not consider whether the Movants can intervene as of right. Instead, the Court only considers whether the permissive interventions should be granted. *See Lexington Ins. Co. v. AXIS Surplus Ins. Co.*, No. 3:10-CV-1741-P, 2010 WL 11561875, at *1 (N.D. Tex. Oct. 20, 2010) ("Where a party seeks intervention under both Rule 24(a) and 24(b), it is unnecessary to evaluate the motion under the detailed analysis of Rule 24(a) if the court finds that the requirements of 24(b) are met.").

Here, the Movants' interest in protecting the continued availability of Mifeprex and mifepristone shares both questions of law and fact in common with this case. Additionally, the Movants sought to intervene expeditiously upon first learning of their interest in the case.

Therefore, intervention will not unduly delay or prejudice the adjudication parties' rights. Accordingly, the Court—in its discretion—holds that permissive intervention should be granted.

## IV.    CONCLUSION

For the foregoing reasons, Movants' Motions to Intervene (ECF Nos. 21 & 30) are **GRANTED**. The Clerk of Court is **DIRECTED** to file Danco's Motion to Dismiss and Brief in Support (ECF Nos. 21-3, 21-4); and GenBioPro's Motion to Dismiss and Brief in Support (ECF Nos. 30-3. 30-4) as separate docket entries.

**SO ORDERED** on this **10th day** of **April, 2026.**

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**