**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | |
|---|---|
| STATE OF FLORIDA and STATE OF TEXAS, | |
| *Plaintiffs,* | Case No. 7:25-CV-00126-O |
| v. | |
| U.S. FOOD AND DRUG ADMINISTRATION, *et al.,* | |
| *Defendants,* | |
| and | |
| DANCO LABORATORIES LLC and GENBIOPRO, INC., | |
| *Intervenor-Defendants.* | |

**<u>CORRECTED DECLARATION OF SAMUEL F. ELLIOTT</u>**

I, Samuel F. Elliott, declare the following pursuant to 28 U.S.C. § 1746. I am a deputy solicitor general in the Office of the Florida Attorney General. I represent Plaintiff the State of Florida in this action. I submit this declaration in support of Plaintiffs' Consolidated Response to Government Defendants' Motion to Stay, or Alternatively, to Dismiss and Intervenor Defendants' Motions to Dismiss. If called upon to do so, I could and would competently testify as follows:

1. On January 29, 2026, counsel for Plaintiffs the State of Florida and the State of Texas ("the States") received an email from Noah T. Katzen, an attorney at the United States Department of Justice who represents the United States Food & Drug Administration (FDA), FDA Commissioner Martin A. Makary, the Department of Health and Human Services ("HHS"), HHS Secretary Robert F. Kennedy, and the director of the Center for Drug Evaluation and Research (collectively, "the Government Defendants") in this case. Mr. Katzen's email informed the States that "the government moved to stay proceedings in *Louisiana v. FDA* pending the agency's review of the mifepristone REMS." Mr. Katzen attached the motion and "a link containing a statement about the study FDA is undertaking." Mr. Katzen's email further informed the States that "[t]he government also intends to seek stays of other mifepristone cases, including *Florida*" and asked whether the States would consent to a stay.

2. The weblink provided by Mr. Katzen's email directs users to a page on the U.S. Food and Drug Administration's website entitled, "Questions and Answers on Mifepristone for Medical Termination of Pregnancy Through Ten Weeks

1

Gestation."   The website address is https://www.fda.gov/drugs/postmarket-drug-safety-information-patients-and-providers/questions-and-answers-mifepristone-medical-termination-pregnancy-through-ten-weeks-gestation.   The   answer   to Question 37 states that "FDA is conducting a safety study of mifepristone . . . . Once the FDA finishes its analysis of the data, the agency will decide whether to make substantive changes to the REMS.  If the FDA determines that changes to the REMS are warranted, then the agency will take appropriate action."

3.     On January 30, 2026, I replied to Mr. Katzen, informing him that the States' position on the motion for stay "would likely turn on the scope of the FDA's review of the mifepristone REMS."  I explained that "our lawsuit challenges the FDA's regulation of mifepristone going back to the drug's initial approval in 2000.  If the FDA's review is reevaluating each of the actions challenged in our lawsuit, the States may be willing to consent to the stay.  If the FDA's review is limited to reevaluating only a subset of those actions, it would make little sense for Florida and Texas to consent to the stay."  Counsel for the State of Texas were also listed as recipients of my email.

4.     Later that day, Mr. Katzen replied: "I will follow up with you on your question as soon as possible."  Counsel for the State of Texas were also listed as recipients of Mr. Katzen's email.

5.     On February 6, 2026, Mr. Katzen replied to the email chain with the following message: "The agency's review of the mifepristone REMS includes reviewing and evaluating issues raised in a number of citizen petitions seeking

2

different actions, ranging from eliminating the REMS entirely to withdrawing the approval of mifepristone for termination of early pregnancy, as well as actions in between, such as reinstating the conditions of use in place before 2016 or reinstating the in-person dispensing requirement. Of course, we do not know what the outcome of that review will be. But whatever the outcome, following its review, FDA will take any steps it determines are appropriate, in accordance with its statutory and regulatory authorities." Counsel for the State of Texas were also listed as recipients of Mr. Katzen's email.

6. On February 12, 2026, I replied to Mr. Katzen with the following message: "Thank you for that information about the scope of the FDA's review. We will discuss and get back to you soon." Counsel for the State of Texas were also listed as recipients of my email.

7. On March 11, 2026, I informed Mr. Katzen that the States were "willing to join the motion under two conditions":

> First, the motion must specify a maximum duration. In other words, if the FDA has not completed its review by the specified date, the stay will cease and the States may continue to litigate their claims. Based on the FDA's public representations about the review's less-than-one-year timeline, the States propose a stay not to exceed nine months unless the parties agree to an extension.

> Second, the motion must specify that the States' consent to the stay is premised on the representation that the FDA is substantively reconsidering "actions ranging from eliminating the REMS entirely to withdrawing the approval of mifepristone for termination of early pregnancy, as well as actions in between, such as reinstating the conditions of use in place before 2016 or reinstating the in-person dispensing requirement."

Counsel for the State of Texas were also listed as recipients of my email.

3

8.    On March 13, 2026, Mr. Katzen replied: "Thank you for getting back to us.  However, we do not agree to attach conditions to the stay.  If you agree to a stay without conditions, we will not move to dismiss at this time.  Otherwise, we will file our motion to stay or, alternatively, dismiss today."  Counsel for the State of Texas were also listed as recipients of Mr. Katzen's email.

9.    Later that day, another member of the Florida Attorney General's Office emailed the following response to Mr. Katzen: "That is unfortunate.  Please note that Florida and Texas oppose the motion to stay.  We intend to file a response in opposition to your stay motion."  Counsel for the State of Texas were also listed as recipients of the email.

10.    The Government Defendants filed their Motion to Stay or, Alternatively, to Dismiss later that day.


I declare under penalty of perjury that the foregoing is true and correct.  Executed on May 12, 2026.


_____
Samuel F. Elliott (Fla. Bar No. 1039898)

4